IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANE J. TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 24-1188 |
| | ) | Judge Marilyn J. Horan/ |
| v. | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| F. NUNEZ, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On March 19, 2025, the Magistrate Judge issued a Report and Recommendation, ECF No. 18, recommending that the Complaint be dismissed *sua sponte*, in accordance with 28 U.S.C. § 1915(e). Plaintiff, Dane J. Taylor, was informed that objections to the Report and Recommendation were due by April 7, 2025. After an extension of time, Plaintiff timely filed a "Response to Motion to Dismiss," ECF No. 21, the substance of which is in fact Objections to the Report and Recommendations.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

In her Report, the Magistrate Judge recounted the factual allegations of the Complaint in detail. ECF No. 18 at 2-4. In summary, Mr. Taylor was issued a Misconduct Report alleging the

infractions of "fighting," "refusing to obey an order," "possession of contraband," and "failure to report contraband." ECF No. 8-1 at 1. Mr. Taylor was found guilty of "fighting," and "possession of contraband," and sanctioned with 180 days of disciplinary confinement (90 days at each charge) ECF No. 8-1 at 3. However, because Mr. Taylor was not issued a confiscated item receipt for the contraband, the Program Review Committee remanded the misconduct charges, where they were dismissed without prejudice. ECF No. 8-1 at 5-6. Thereafter, the charges were refiled, and Mr. Taylor was issued a confiscated item receipt. ECF No. 8-1 at 10-11. Mr. Taylor was again found guilty of fighting and possession of contraband, and he was issued the same 180 days of disciplinary confinement as punishment. ECF No. 8-1 at 12.

With respect to the refiled charges, in the Disciplinary Hearing Report, the recitation of facts begins by referring to, "Inmate Ward," rather than "Inmate Taylor." ECF No. 8-1 at 12. Mr. Taylor's name, however, is referenced three times on this page of the Report, and the discussion of the alleged violative conduct is the same conduct that was addressed in the original filing. ECF No. 8-1 at 12. As to the confiscated item receipt, Mr. Taylor alleges that it includes the wrong inmate number. ECF No. 8-1 at 11. Mr. Taylor's inmate number is NW9060 while he alleges that the inmate number on the receipt is NW7060. The receipt does include Mr. Taylor's full name and describes the confiscated item. ECF No. 8-1 at 11.[1]

---

[1] Mr. Taylor also alleges that the disciplinary process, and the punishment exacerbated his psychosis and interfered with his ability to obtain proper food. The Objections do not mention such facts.

The Magistrate Judge analyzed each of Mr. Taylor's federal claims and explained how each claim fails to state a claim upon which relief can be granted. She recommended dismissal with prejudice of Mr. Taylor's federal claims, and dismissal without prejudice of Mr. Taylor's state law claims. Mr. Taylor's Objections do not challenge any specific portion of the Magistrate Judge's Report, nor does he substantively challenge the analysis. Instead, Mr. Taylor generally argues that he has plead facts that state claims upon which relief can be granted. The Objections, however, merely recite some of the same Complaint factual allegations coupled with Mr. Taylor's argument that he has stated valid claims.

Upon de novo review of the Complaint, the Report and Recommendation, and Mr. Taylor's Objections, the Court concludes that the Objections do not undermine the recommendations of the Magistrate Judge. Mr. Taylor's Objections will be overruled, and the Report and Recommendation will be adopted as the Opinion of the Court.

Accordingly, the following order is entered:

AND NOW, this 17th day of June 2025, it is hereby ORDERED as follows:

The Magistrate Judge's Report and Recommendation, ECF No. 18, dated March 19, 2025, is adopted as the Opinion of the Court.

IT IS FURTHER ORDERED that all federal claims are dismissed with prejudice, for failure to state a claim. As to whether to grant leave to amend, the Court agrees with the Magistrate Judge's recommendation to deny such leave, as any amendment would be futile for the reasons stated in the Report and Recommendation.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over Mr. Taylor's state law claims. All state law claims asserted in the Complaint are hereby dismissed, without prejudice to Mr. Taylor's ability to raise said claims in state court.

Accordingly, all claims asserted by Mr. Taylor are dismissed, and the Complaint is dismissed with prejudice.

                                                    s/*Marilyn J. Horan*
                                                    Marilyn J. Horan
                                                    United States District Judge

Dane J. Taylor, pro se
NW9060
SCI PHOENIX
1200 Mokychic Drive
Collegeville, PA 19426